**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH CHARLES ROGERS,

Defendant-Appellant.

No. 04-4253
(D.C. No. 1:03-CR-27-ST)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR, MURPHY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Kenneth Charles Rogers appeals from an order denying his request to be released on bail pending trial. We reverse and remand for further proceedings.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

As we explained in an earlier opinion, Rogers has been charged with violations of 18 U.S.C. § 922(g)(8) (possession of a firearm while subject to a protection order) and 18 U.S.C. § 922(g)(9) (possession of a firearm following conviction of a domestic violence offense). See United States v. Rogers, 371 F.3d 1225, 1226 (10th Cir. 2004) ("Rogers I"). After Rogers was arrested, the district court conducted a detention hearing and found by clear and convincing evidence that Rogers posed a danger to others. See id. For this reason, and because we determined in Rogers I that violations of § 922(g)(8) and § 922(g)(9) constitute crimes of violence for purposes of the Bail Reform Act, see Rogers I, 371 F.3d at 1232, Rogers has been detained continuously since his arrest on February 14, 2003.

This appeal arises from the denial of Rogers's most recent motion for review of the district court's detention order. The district court denied this motion on the ground that our opinion in Rogers I precluded it from releasing Rogers from pre-trial detention. This was error. In Rogers I, we overturned a legal determination made by the district court that ostensibly prevented Rogers from being detained; then, having eliminated the only asserted legal obstacle to Rogers's detention, we ordered the district court to give effect to its prior factual finding that detention pending trial was appropriate. See Rogers I, 371 F.3d at 1232. We did not, however, foreclose the court from considering new

circumstances or new legal arguments that would justify revocation of the detention order.

Because the district court incorrectly characterized the extent of its authority, we vacate its order denying Rogers's motion for review of his detention status. We remand for the district court to conduct a further hearing on the claim that denying bail is punitive. Upon remand, the court should exercise its discretion after considering all relevant factors, including the government's view that the appropriate sentence if Rogers is convicted will likely exceed forty months.

Accordingly, the district court order denying Rogers's motion for release is **REVERSED** and **REMANDED** for further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT
PER CURIAM